**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
**CHAPTER 13 PLAN (Individual Adjustment of Debts)** www.flsb.uscourts.gov

__ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)

__1st__ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: Jorge Juan Preguerman____ JOINT DEBTOR: CASE NO.: 13-29350-AJC
Last Four Digits of SS# __3301___ Last Four Digits of SS# _____

This document is a plan summary. Additional data on file in clerk's office attached to original plan.
**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of _60_ months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:
    A. $ 164.45_ for months _1_ to _13_;
    B. $_15461.48_ for months _14_ to _14_;
    C. $_2999.09_ for months _15_ to _60_; in order to pay the following creditors:

Administrative: Attorney's Fee - $3500 + $1800 + $1800 + $525 = $7625 TOTAL PAID $3800 Balance $3825 payable $50.77.00/month
                  (Months 1 to13); $3165/month (Month 14)

    1. Chase / Wells Fargo Bank          LMM Payments: $682.67/month (Month 14 to 60)
Address:__ Po Box 78420                      20840 San Simeon Way # 603, Miami, FL 33179
       Phoenix, AZ 85062
       Account No: _3416

    2. US Bank as Cust for Tower c/o Catalina Tax Co. LLC    Payment Due: $4001.92+ 18% interest= $6097.20
Address:__ P.O. Box 645040                 Payable $112.86/month (Months 1 to 13)
      Cincinnati, OH 45264               Payable $98.51/month (Month 14 to 60)
      Account No: _6741

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION (UTILIZING LOCAL FORM MOTION TO VALUE COLLATERAL IN PLAN) WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| Bayview Loan Servicing | Debtor's non-homestead at: Value of Property:$85,000.00 Value of Mortgagee's Interest in the Property: $ 85000 | 5.25% | $ 9969.15 $1797.91 | Month 14 Month 15 to 60 | $92796.60 |
| | | | | | |
| | | | | | |

Priority Creditors: [as defined in 11 U.S.C. §507] - N/A

Unsecured Creditors: 120.09/month (Month 15 to 60)
Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

Other Provisions Not Included Above:
1. Debtor surrenders his interest in the non-homestead property located at 630 NW 11 St, Miami, FL 33136 to the Miami-Dade County Tax Collector and Bayview Loan Servicing LLC.
2. Debtor will treat the Miami-Dade County Tax Collector for the non-homestead property located at 20840 San Simeon Way # 604 Miami, FL 33179 through the LMM program.
3. Debtor will treat the Miami-Dade County Tax Collector for the non-homestead property located at 20840 San Simeon Way # 603 Miami, FL 33179 through the LMM program.
4. The Debtor will treat Lake View of California Club II Association for the non-homestead property located at 20840 San Simeon Way # 604 Miami, FL 33179 directly and outside the plan.
5. The Debtor will treat Lake View of California Club Condo II for the non-homestead property located at 20840 San Simeon Way # 603 Miami, FL 33179 directly and outside the plan.
6. The Debtor has filed a Verified Motion for Referral to LMM with Chase / Wells Fargo Bank ("Lender"), loan number _3416__, for real property located at _20840 San Simeon Way # 603, Miami, FL 33179_. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/ Local Rules regarding LMM. While the LMM is

pending and until the trial/interim payment plan or the permanent mortgage modification/ permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender.

Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.

If the Debtor, co-obligor/ co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan the (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payments of its Proof of Claim.

s/ Richard Adams, Esq.
For Debtor: Marie Rene
Date: _September 22, 2014___